Good morning. Good morning. Good morning. Verna Weefal on behalf of S.E. Simpson, the appellant. The first issue that I would like to address is the question that the court had about jurisdiction in this case because Mr. Simpson has been released from custody and he's no longer on parole. I did file a 28-J letter. I believe that the court certainly has jurisdiction for the following reasons. One, he was in custody. He was at CMC San Luis Obispo when he filed his first amended petition, so he was in custody. And the law is that he was subsequently released. That does not defeat jurisdiction. But the problem is not so much the in-custody requirement as it is the lack of nexus between the issue that you are challenging, the registration requirement, and its nexus to the basis for his custody. That's what raised the issue in our mind. Mr. Simpson, the actual issue that he is challenging is the ineffective assistance of counsel, which led to his pleading no contest to the substantive drug offense and the gang enhancement. And he is not challenging per se the constitutionality of the gang registration requirement. That's why it is unlike that case of Bailey v. Gregson. Let me see if I can articulate my concern. The concern is that if we agree with you and say, yes, but for this registration requirement, he would not have entered into a plea of guilty, what's the remedy? He's already served his sentence, so he's not going to be placed back into custody. His conviction with the gang enhancement. So we would order, the habeas relief would be to order the conviction to be set aside. That's normally not the remedy, though, when we allow a defendant to withdraw a guilty plea. We allow him to withdraw the plea, and then he either renegotiates a new plea or he goes to trial, but he's already served his sentence here. Right. Well, I think it's important to understand the sentence is not the issue. The issue is, can he go back to trial and stand trial on the substantive count of possession of PCPs for sale with the gang enhancement? It's not only a mandatory gang registration, but it's a strike. And I was just discussing with my colleague about why it's a strike. Apparently, if there's a gang enhancement, it is a strike if he should get in trouble again. So it is a big deal. But that is also true for sex registrants who either fail to register or engage in additional sexual misconduct that results in new charges being filed. And I think the case law is pretty clear that that's too speculative to grant habeas relief. Right, but the thing is that he could go to trial. If this court were to grant relief and find that he's entitled to a new trial, so you'd say, you know, grant the writ conditional to retrying him within a reasonable amount of time. He can go back. He can stand trial on the PCP sales and the gang enhancement. And he's likely to be found not guilty of the gang enhancement. And that makes a big deal. So he's done the time. He's not going to benefit in terms of his sentence, but he will in terms of his conviction. But what he's challenging is the obligation to register, right? Isn't that it? No. He's challenging his lawyer's failure to advise him that there is a mandatory gang registration before he pled no contest. Well, I guess then the question becomes under prong one of Strickland, does the lawyer have an obligation? Does that invalidate the plea where it has – I'm back to my nexus concern – where it has no link to the custody? In other words, you don't get more time because you have a registration requirement that is a collateral consequence of your conviction. I mean, that's like saying we're going to take away your right to vote or you can't own or possess firearms after your felony conviction. That's not part of the custodial sin. Well, but it is – I would say that it is in terms of the custody issue, in terms of the IAC. But I think that is a critical issue here is what's the big deal about being advised that you have a mandatory gang registration? It's not whether or not it's a big deal. The question is does it influence the custodial sentence? And the answer, I think, is no. Your Honor, I was – Well, look, look, he has to register, right, for five years. He is at this point required to register. Your client has to – I mean, he registers. He is required to register. He is required to register for the next five years. Right. If he moves, he's got to go wherever he is. He's got to go tell the police, I've just moved into your community and I'm required to register as a gang member, right? He is required. Now, you're saying that's not an impediment to him, that that is not – they've still got a hold on him. If he doesn't – if he violates that provision, let's say he does, what are the consequences? There are consequences, Mr. — Just tell me what they are. I don't know exactly what the penalties are for failing to do that, but I would — Is there a custodial penalty for failing to do it? Well, the – I mean, haven't you found out whether there's a custodial penalty? See, that's where I am trying to see. It's a custodial – Can you answer that yes or no? If we look at – Look, I can tell you what the penalty is. All you've got to do is think about it. He moves into an area, say he moves into an area, the police know that he was a former gang member, right? Okay. So, you don't think they're going to keep a close eye on him? Yes. Yeah. You don't think that they may stop him when they see him and question him? Absolutely. Yeah. So, that's a restriction on his liberty. Absolutely. Yeah. Absolutely. So, why don't you think about that? Yeah, I do. Think about it now. I agree with that, too. You don't want to say it? Right. Yeah, that's what it's about. And, I mean, we can't put our own things that we've learned aside, but it's not uncommon when the police know there's a gang member, and particularly in a smaller town, they're watching him. If they see him on a bicycle or they see him in a car, they'll find a way to stop him. Yes, absolutely. Yeah. So, his freedom of movement for that period is limited. Absolutely. How? That's what it comes down to. Absolutely. Absolutely. Have you found any case which says that police surveillance of a possible gang member and questioning him if he's on a bicycle constitutes a sufficient restraint to justify habeas corpus? Your Honor, I don't think so. No, I don't think so. No? I don't have a case like that. Let me ask you a more direct question. How do you get around the language in Williamson v. Gregoire? I'm looking at 151 F. 3rd at 1183, where we wrote, Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual in custody for the purposes of a habeas attack upon it. And then we go on to list some of the collateral consequences, which in that case included an obligation for sex offender registration, which I see as being identical to former gang member registration. Well, what I thought was interesting about that Williamson v. Gregoire case is that it was a Washington State case where he was challenging. He initially filed a habeas in state court in Washington challenging also his conviction, but that was found to be procedurally defaulted. And so, therefore, when we go back into the Ninth Circuit, the matter of the validity of his conviction is no longer on the table because of the default. And I think that's the difference here. Because Mr. Simpson, you know, Carafors v. Lavallee, and also this court has said that the court has jurisdiction. If you are in custody at the time you file the habeas, and that your subsequent release from custody does not terminate jurisdiction. And we're talking about the substantive conviction here. And that's why I think this court does have jurisdiction. That's not what we said in Williamson. I'm looking at page 1183 where we write, the question before us then is how to characterize the Washington sex offender law. If it's a genuine restraint on liberty, then Williamson is in custody. And we may consider the merits of his habeas petition. But if application of the sex offender law is merely a collateral consequence of Williamson's conviction, the federal courts are without habeas jurisdiction in this case. And the collateral consequence that we were faced with in Williamson was his obligation to register as a sex offender, which we said is not a restraint on liberty. He can live anywhere he wants. He just has to register. Right. But that was the only thing that was on the table. That's the distinction here. In Mr. Simpson's case, what is on the table is his substantive conviction for possession of PCP. This is not a sex offender case. It's not a sex offender case. No. No. Okay. So there's a big difference. Yes, I agree. Yeah. I agree. And anyway, I'm not sure what you want. What do you want? I see I'm running out of time. I'd like to save my time for rebuttal unless the court has other questions about other aspects of the case. No, thanks. May it please the court. Deputy Attorney General Michael Katz for respondent. Although. Can I ask you a question? Yes. Did the attorney for the state ever bring up the subject of registration at the time the guilty plea was taken? In other words, did the government come in and say, Well, by the way, if you plead guilty to this, you're going to have to register as a gang member for five years. Well, Judge Ferguson, what happened? You can answer that yes or no. I'm sorry to interrupt you. Were you done with your question? You didn't hear my question? I did. I just didn't want to talk over you. That's all right. Okay. People do that all the time. I try not to. Was he told? That's all I want to know. Okay. The answer, sir, is that the trial court asked the prosecutor in front of everybody, Does the defendant have to register as a gang member? And the prosecutor said that he did. And then the trial court asked the defendant, told the defendant he had to register. And the defendant did not complain, which is part of the problem with the substantive claim. If I may, I want to go to the jurisdictional issue. Before I do that, I want to say that the ineffective assistance of counsel claim is meritless. The state court reasonably denied it. So that's where we disagree. It's ironic for me to be in front of this court and agree with the petitioner on the issue of jurisdiction. But I'm going to do that. Well, then help me distinguish our decision in Williamson. Because, I mean, I don't think it matters that Williamson was a sex offender versus a former gang member. Yes, Judge Tolman. I read Williamson the same way you did. But then I read Bailey, which is subsequent to Williamson, which, in my view, misinterprets Williamson but is binding on this court. And Bailey says, and I don't have the pinpoint sight in front of me, that Williamson only resolves the first issue, the first aspect of custody. As you know, there are two aspects of custody. One is whether you're in custody when you file the federal petition. The second is this next issue that you raise, the next issue. To my surprise, Bailey says that Williamson only involves the first aspect of custody and implies that Williamson does not involve the next issue, which I think is wrong, but it's binding. So that is why I think Williamson is not a barrier to jurisdiction here. But Williamson was no longer in custody at the time he brought his federal habeas challenge, was he? I don't remember that. But I thought the facts were almost identical to the facts here, that while he filed it while he was in custody, it was later when he found out he was obligated. Yeah, he had discharged his sentence in August of 1994. So the only restraint that he was under was the obligation, quote-unquote restraint, which we said was not a restraint on liberty, was the obligation to now register as a sex offender. I wrote Williamson the same way you did, sir. But to my surprise, Bailey says that Williamson is only about the first aspect of custody. Is it your position that erroneous reading by a subsequent three-judge panel is the law of the circuit and cannot be changed? Well, I think that an en banc panel could resolve that. An en banc panel could change it. But we can't. We're bound by an erroneous Bailey reading of Williamson? I think that's your position, isn't it? I think that it is, unfortunately. I think that Williamson could have been more clear about what aspect of custody it was. I don't see that Williamson is at all unclear. Just bear with me for a second. Judge Tashima speaks quite clearly. We must decide whether a convicted child molester who has completed his sentence. So it can't be just did he file when he was in custody. Who has completed his sentence, but who must register as a sex offender. So he's already decided that he's completed his sentence. He's at liberty. But I take it what you're saying is that we ought to read Bailey to see whether your reading of Bailey, which is a wrong reading of Williamson, is the law of the circuit. Yes, Your Honor. But does it matter? I mean, Bailey was challenged to restitution, which by definition is not part of the custodial sentence. It's a separate obligation that the court is obligated under a different statute to impose. Well, I think it doesn't matter, Your Honor, because the difference between this case and Bailey is that in Bailey, the defendant was the petitioner was not suggesting that the restitution affected the lawful nature of his custody. The petitioner there was conceding that his custody was lawful. He was merely saying, I don't think I should have to pay restitution here. In contrast, the petitioner is saying wrongly. But he's saying that I would not have been in custody at all if my attorney had been effective because I would not have pled no contest. But you started your argument by noting correctly that he was told at the time that he appeared before the Superior Court judge that he had this obligation. And he made no objection. Yes. But I think, Your Honor, there are two consequences to that fact. One is that it shows why the state court reasonably rejected the claim on the merits. But I think for purposes of jurisdiction, we don't look to the accuracy of the defendant's allegations, the substantive allegations. If the defendant is saying, I would never have been in custody if my attorney was effective, I don't think for jurisdictional purposes we determine whether we believe that's an accurate statement. So if I understand your position, what you want us to do is conclude we do have jurisdiction, but then apply AEDPA deference to the determination by the state courts that he knew that he had this enhancement, therefore there was no ineffective assistance of counsel, therefore he's not entitled to habeas ruling. Is that your position? The latter part is our position. I would just say it's not that I want you to conclude he has jurisdiction. Counsel, do we have it or do we not? I'm not sure what your position is. You do have it. But it's not that I personally desire it. It's just that that is my view of what the law is. So was my summary accurate? It's accurate except for I wouldn't say that I want you to find jurisdiction. Okay. I'll amend it by saying the state's position is we have jurisdiction, but he loses on the merits. That's right. Got it. Okay. So on the merits, if I may turn to that, so there is the fact that he was the trial judge warned him at the time that he had the gang registration requirement. He didn't complain about that at all. You would think that if he cared about it, he would have said something. And he didn't complain a month later when his attorney filed a written motion to withdraw the plea. Even if you look at that generously and say the attorney wrote it and not the petitioner personally, a month after that, the petitioner filed a declaration in support of the motion to withdraw the plea. There he didn't complain about the gang registration requirement. You would think that he would if it were so important to him. The first time he mentioned it, that he was concerned about it, was three days after that when he was in the trial court on the hearing to withdraw his plea. And then after that, he didn't mention it again when he tried to file an appeal with a certificate of probable cause, which is required under State law. He didn't mention it there. And then he mentioned it subsequently in all of his State habeas petitions. So that also weighs against him. And then I would add that ---- What is the relevance of his failure to mention, if he does mention it now? The relevance, Your Honor, is that you would think that if the gang registration were the critical fact in deciding whether he was going to plead no contest or not, he would have mentioned it right away. And he had several opportunities and he didn't mention it. Also, I would add that he's not credible because he said that he ---- So that's an argument that failure to advise him was not prejudicial. That's right. All right. So to be more specific, Strickland allows us to start with the second prong first if it's more efficient, and that's what I ask the court to do. I would also say that he's not credible because he told the trial court in the hearing to withdraw the plea that he never admitted the gang enhancement. But then, in fact, he did admit the gang enhancement. That's part of the plea. And then I would add, I know I have 25 seconds left, that the gang enhancement, which he did admit, is far more burdensome than what he's complaining about now. It lasts forever. It's not five years. It's always in his record. The gang enhancement, in contrast, is very minor. He goes to the police. How much time does he still have on the gang enhancement for five years? The gang registration? Yes. Two years. All right. And I see I have one second left. Well, was this enhancement explained to him by the judge? Well, Judge Ferguson, other than telling him that the enhancement or the registration requirement? The registration requirement. He was told when his plea was taken, he balked, didn't he, on the gang registration? Initially. Initially. And then he agreed. What caused his mind to change? I don't know, Your Honor. That was part of the discussion between the petitioner and his counsel. I don't think he told us why he changed his mind. But he did change his mind and admitted the gang enhancement. Well, but the state wouldn't accept his plea unless he changed his mind. I think that's probably right, yes. But he didn't have to plead no contest. No one forced him to. He didn't have to admit the gang enhancement. He had a legal right to refuse to admit it. He admitted it. Did he understand that if he moved, he would have to register again? I don't know whether he understood that, Your Honor. But he understood that he had a registration requirement. The reason I ask these questions is that I know of particular cases where someone committed a heinous offense, like part of a conspiracy. He's driving a car. It's a gang member. Somebody else, you know, pulls the trigger and kills someone. And talking about juveniles. And they're sentenced as adults to a very lengthy period of incarceration. And, you know, while they're in prison, they start taking courses. And they get out. They go back. They go back to college. They excel. They get into a professional school like veterinary science. They excel with amazing success. And so, you know, the fact that someone is a gang member doesn't mean that when they get older, they're going to recognize the error of their ways and change for the better. I think there are quite a number of situations where that happens. Well. And so it just seems to me important that the person be made aware of that registration requirement. But he wasn't, Your Honor. What? We've got to register for five years when you get out. I mean, I didn't know that until I got involved in this case. Well, Your Honor. Sex offenders, that's an entirely different situation. Your Honor, on page 102 of the excerpt of the record, the first volume, the trial court told him about the gang registration requirement. I don't have that page in front of me. Talk a little slower. I'm sorry? Talk a little slower. I apologize. On page 102 of the excerpt of the record. Right. It shows the trial court told him about the gang registration requirement. I don't have that page in front of me, so I can't tell you whether the trial court told him five years. I don't know that that's anyone's complaining that the trial court. You know, I like to know what's going on. Right. I respect that. One good thing about this job, you learn something new every day. Me too. Yeah. Good. All right. Thanks. Thank you. I just want to clarify very quickly that Mr. Simpson was not advised of the gang registration requirement during the plea colloquy when the judge advised him of the rights he would be giving up, and it was only when she was going to impose the sentence that the court said, is there a gang registration requirement? And there was some discussion because the judge wasn't sure. The defense attorney conceded that he did not advise Mr. Simpson of the gang registration requirement. At the motion on the hearing to withdraw the plea, he said, maybe it's my fault. I didn't realize he would have to register because he was going to prison. And also when he filed the notice of appeal in the request for certificate of appealability, he also stated, I did not advise him of the gang registration requirement. So that clearly was the attorney took the blame for that. So that's the issue there. So if this court has jurisdiction, I would ask the court to. Well, you know, but the judge, he was aware at the time that he pled, because there was resistance there of the registration requirement. He knew that. He did not know. He didn't know he was supposed to register? At the time he pled no contest, no. What? What was all that conversation about then? At the? When they took his plea. When he pled no contest, the judge advised him, you know, of the Boyk and Tall requirements, you know, giving up the right to a jury trial, et cetera, et cetera, and advised him of the maximum. I'm talking about when they took his, when he gave his plea. He's there pleading guilty. Right. And that's when this subject came up. The plea was accepted. He balked at pleading guilty, and then for some reason he changed his mind. Because he was immediately sentenced. It was after the plea went down. Well, what's that got to do with it, you know? He was immediately sentenced. He knew that there was this registration problem out there, but then he, after whatever he did, he pled guilty knowing about the registration requirement. That's what I'm saying is that he did not know. You know, you're giving me a headache with that. But that's not what the Superior Court judge found on the collateral, the hearing on the collateral relief. I'm looking at the magistrate judge's report and recommendation at pages 10 and 11 where the magistrate judge recites the evidence, and it says, Petitioner's factual allegations about what Massera, the defense lawyer, did or did not do are contradicted by the record. Petitioner claims Massera admitted to not advising Petitioner of the gang registration requirement. However, nothing in Massera's declaration or his statements at the motion hearing indicates such an admission. Massera stated, quote, he felt that my client was pressured into this disposition, end quote. However, he did not state he failed to advise Petitioner of the gang registration requirement. Petitioner also contends his counsel, quote, assured Petitioner would not have to register as a gang member upon accepting prosecutor's offer, end quote. This assertion is not only belied by the record, but contradicted by Petitioner in his reply. And it quotes, quote, my attorney said no, they're saying that you don't have to register as a gang member, but you have to register with that gang. I said it's the same thing, end quote. So, you know, what do I do with this? May I respond? Yeah. I believe that the magistrate's report is inaccurate. Of course, it's a de novo review, so I really didn't pay that much attention. I was more concerned with the state court, you know, Harrington versus Richter issue. But I would draw the court's attention to the hearing on the motion to withdraw the plea. The defense attorney said the Sorry, I can't find the page number. It's in the brief, but he said, the lawyer said. We'll check it, obviously. Here it is. Excuse me. He says defense counsel said, quote, Maybe it was a mistake on my part. I don't know. But I felt that because it was sentenced to prison and I didn't think there was a requirement post-prison to register. And then when he filed the certificate of appealability, he said he did not advise him of the registration requirement. I think the fact's very clear. He was not advised by either the court or his lawyer before he pled guilty. Wasn't there a hearing in Superior Court when he filed his state habeas petition? No. There was not? No. It was summarily denied by the Court of Appeal and by the California Supreme Court. Okay. Thank you. They don't have hearings. They just send out postcards. Thank you. All right. Thank you very much. The matter is under submission.
judges: Pregerson, Tallman, Bea